Rodney Butler
Reg. No.: 91084-012
FCI Herlong
P.O. Box 800
Herlong, California 96113



FILED

FEB 0 8 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BUTLER,<br><br>    Petitioner,<br><br>vs.<br><br>MARK S. INCH,<br><br>The Director of the Bureau of Prisons,<br><br>JOSIAS SALAZAR,<br><br>    Warden.<br><br>    Defendants. | 2:18-CV-0304 GGH<br><br>Case No.: _____<br>(To be assigned by Clerk)<br><br>**PETITION FOR WRIT OF**<br>**HABEAS CORPUS PURSUANT**<br>**TO 28 U.S.C. §2241** |

**PLEASE TAKE NOTICE:** COMES NOW, Rodney Butler, in pro se ("hereinafter Affiant") present this 28 U.S.C. §2241 in affidavit form supported by facts which must be taken as true. See **Kohl v. Lehlback, 160 U.S. 293, 16 S. Ct. 304, 40 L. Ed 432 (1895).**

Facts duly alleged are deemed true unless denied or controverted point-by-point with evidence to support. See **3 Am Jur 2d, Affidavit 20.** The Court must accept an affidavit as true if it is uncontradicted by counteraffidavit point-by-point with evidence to support. "Indeed no more than an affidavit is necessary to make prima facie case. See **United States v. Kis, 648 F. 2d 526, 533 (7th Cir. 1981), cert denied, 455 U.S. 1018, 72 L. Ed 135, 102 S. Ct. 1712 (1982).**

////

On January 9, 2004 in the United States District Court for the Eastern District of California a complaint was filed against Rodney Butler ("Petititoner"), alleging numerous allegations. An indictment was filed on January 15, 2004 charging petitioner with two counts: (1) conspiracy to possess cocaine with intent to distribute in violationof 21 U.S.C. §§846 and 841(a)(1); (2) possession of cocaine with intent to distribute in violation of 21 U.S.C. §841(a). On October 24, 2006 petitioner plead guilty to one count of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §846. On July 19, 2007, petitioner was sentenced to 240 months of imprisonment followed by 60 months of supervised release.

This petition concerns the request to be re-evaluated for transfer to RRC placement and receive 12 months/or 12 months in Direct Home Confinement and full disclosure of information requested from the (BOP) Bureau of Prisons pursuant to Title 5 U.S.C. §552. Place of detention is FCI Herlong California 96113.

### GROUNDS FOR PETITION

I.    The (BOP) violated the petitioners due process rights do to the fact that the (BOP) failed to formally consider the Judicial Recommendation For The Maximum Time In RRC Placement.

II.   The (BOP) violated the petitioners due process rights do to the fact that the (BOP) failed to disclose information requested pursuant to Title 5 U.S.C. §552 of the Administrative Procedure Act.

### ADMINISTRATIVE APPEALS

I.    Petitioner filed his Request For Administrative Remedy BP-229(13) Administrative Remedy No.: 898588-F1 for re-evaluation for transfer to RRC placement and receive (12) months/or (12-16) months in Direct Home Confinement and disclosure of information pursuant to Title 5 U.S.C. §552 of the Administrative Procedure Act. The request was denied on April 24, 2017.

II.     Petitioner filed his Regional Administrative Appeal BP-230(13), Regional Appeal No.: 898588-R2. The Regional Administrative Appeal was denied on August 15, 2017.

III.    Petitioner filed his Central Office Administrative Appeal BP-231(13), Central Office Appeal No.: 898588-A1. The Central Office Administrative Appeal Remedy was denied on December 11, 2017.

Petitioner has not filed any previous petitions for Habeas Corpus relief pursuant to Title 28 U.S.C. §2241 or 2255, or any other applications, petitions or motions with resect to the claims raised in this petition.

## LEGAL STANDARD

Judges in courts feel free to require inmates to follow the administrative appeals process to its end because a system of administrative appeals may keep cases out of the federal courts as long as the administrative review process is not rubber stamped for arbitrary decisions made at the administrative level. See **Kenneth C. Davis, Administrative Law, 157 3d (1977); also Walpole v. Hill, 472 U.S. 445, 105 S. Ct. 2768, 86 L Ed 56,** (Federal Courts have indicated a willingness to inquire into all aspects of prison adminstration to ensure that the constitutional rights of inmates are observed). In the instant case, petitioner has done what is required for justice to be served, and leaves this matter to the Honorable Courts to make its decision.

## AFFIDAVIT OF LAW IN SUPPORT
## OF 28 U.S.C. § 2241 PETITION

I.      Pursuant to the Second Chance Act of 2007, Public Law 110-199 the criteria for pre-release RRC placement utilizes the following five factors from Title 18 U.S.C. § 3621(b):(1) The resources of the facility contemplated; (2) the nature and circumstances of the offenses; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; (a) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or (b) recommending a type of penal or

-3-

correctional facility as appropriate; and (5) any pertinent policy statement issued by the U.S. Sentencing Commission.

The petitioner was granted a Judicial Recommendation for Maximum Time in the Halfway House by his sentencing judge. The court has authority to recommend such a placement and such a recommendation will be formally considered by the (BOP) in making the final decision on how much time an inmate should receive in RRC. The (BOP) failed to formally consider the recommendation by the Sentencing judge. The petitioner told by his Case Manager A. Rodriguez that my Unit Team did not have to consider the Judicial Recommendation by the sentencing judge. When the (BOP) failed to formally consider the Judicial Recommendation for Maximum Time in the Halfway House, the (BOP) violated the petitioners due process. This petitioner ask that the (BOP) follow the Judicial Recommendation and he be re-evaluated for the maximum time in RRC placement and be awarded the 12 months in the Halfway House.

II.   Petitioner was dissatisfied with the rubber stamped response at all levels of the administrative appeals process. The courts have ruled that the administrative review process must not be rubber stamped for arbitrary decisions made at the administrative level. See **Kenneth Davis, Administrative Law, 157 (3d. Ed 1977); also Walpole v. Hill, 472 U.S. 445, 105 S. Ct. 2768, 86 L. Ed 56.** An inmates request for RRC placement must be individually assessed by the (BOP) and the (BOP) must answer the (5) factors Pursuant to 18 U.S.C. § 3621(b) which the BOP failed to do by responding with a rubber stamped answer to the petitioners request. The petitioner requested the following information pursuant to Title 5 U.S.C. § 552 of Administrative Procedure Act (APA); (1) how my unit team came to the determination that the inmate only merited 151-180 day in RRC placement; (2) an individually written response to each of the five factors from Title 18 U.S.C. § 3621(b) that the (BOP) used to individually assess this inmate when considering RRC placement. The Director of the Bureau of Prisons failed to disclose this information to the petitioner when he requested it at every level of the administrative process. The petitioner has a right to know the explicit criteria that an inmate needs to meet

in order to receive the maximum time allowed in the Halfway House. The petitioner ask the Court to compel the release of information by the (BOP) pursuant to Title 5 U.S.C. §552 of the Administrative Procedure Act.

Congress passed the Freedom of Information Act, Title 5 U.S.C. §552 in 1966 "to establish a general philosophy of agency disclosure," See **Senate Rep. No.: 89-813, at 3 (1965)** and to assure the availability of government information necessary to an informed electorate," See **H.R. Rep. No.: 89-1497, at 12 (1966).** The statute provides that, subject to certain enumerated exemptions for classified documents, agency personnel and medical files, confidential financial information, and the like, Title 5 U.S.C. §552 (b)(1)-(9), federal agencies must make their internal records available to the public upon request. See **Title 5 U.S.C. §552(a)(3)(A).**

The (BOP's) refusal to assure the availability of government records shines a light on government operations "to check against corruption and to hold the governors accountable to the governed." See **NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242, 98 S. Ct. 2311, 57 L. Ed 2d 159 (1978).** When internal records are not made available to the public upon request and if any agency does not respond to a request within (10) working days after receiving the request, the requester may typically commence litigation. See **Citizens for Responsibility & Ethics in Washington v. F.E.C., 711 F. 3d 180, 201 WL 1296289 at (D.C. Cir. 2013).**

The plaintiff is party and subject of the requested information, and therefore, privy to the access of information pursuant to **Title 5 U.S.C. §552.** This court is also authorized to hear and render a decision/order to afford the plaintiff his right to redress the deprivation of his (FOIA) Request under the color of law, and the rights secured under the United States Constitution, and the laws presrcibed by Congress. The jurisdiction of this Court is authorized pursuant to **Title 5 U.S.C. §552.**

////

## CONCLUSION

Plaintiff respectfully request that this Court construe his pro se litigation in his favor under **Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed 2d 562 (1972),** and for the reasons stated herein, plaintiff request that this motion be granted.

## CERTIFICATION OF IDENTITY

This is a fully executed Certification of Identity, as well as an affidavit of Identity. I declare under penalty of perjury unde the laws of the United States of America that the foregoing is true and correct, and that I am the person named on this 28 U.S.C. §2241 pursuant to 28 U.S.C. §1746.

Executed on this  7th  day of  February , 2018 Herlong, California 96113.

_Rodney Butler_
Rodney Butler, Affiant

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BUTLER,<br><br>    Petitioner,<br><br>vs.<br><br>MARK S. INCH,<br><br>The Director of the Bureau of Prisons,<br><br>JOSIAS SALAZAR,<br><br>    Warden.<br><br>    Defendants. | Case No.: _____<br>(To be assigned by Clerk)<br><br>**PROOF OF SERVICE** |

I hereby certify that on __2/7/2018__, I served a copy of the attached 28 U.S.C. §2241 by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States mail at Herlong, California 96113.

**(List Name and Address of Each Defendant or Attorney)**

Benjamin Wagner
United States Attorney
United States Attorney Office
501 I Street, Suite 10-100
Sacramento, California 95814

I declare under penalty of perjury that the foregoing is true and correct.

*Rodney Butler*
(Signature of Person Completing Service)

From: Rodney Butler
     Reg. No.: 91084-012
     FCI Herlong
     P.O. Box 800
     Herlong, California 96113

Date: February 7, 2018

To: Clerk of the Court
    United States Courts
    501 I Street, Suite 4-200
    Sacramento, California 95814

### LETTER OF INSTRUCTION

**RE: PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241.**

Dear Clerk of the Court,

Please file this Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 and the Civil Cover Sheet required by Local Rule 200. Also find a copy of the front page of the 28 U.S.C. §2241 and a copy of the Civil Cover Sheet to be file stamped and sent back to me in the enclosed postage paid self-addressed envelope. Thank you for your assistance in this matter.

                                              *Rodney Butler*
                                              Rodney Butler